Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; CAPITOL RECORDS, INC.; FONOVISA, INC.; and INTERSCOPE RECORDS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; FONOVISA, INC., a California corporation; and INTERSCOPE RECORDS, a California general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | CASE NO. 4:08-CV-01038-SBA<br><br>**Honorable Saundra Brown Armstrong**<br><br>**SUPPLEMENTAL DECLARATION OF KATHERYN J. COGGON IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY [Docket No. 3]** |

### DECLARATION OF KATHERYN J. COGGON

I, Katheryn J. Coggon, declare:

1. I am an attorney in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as lead national counsel for Plaintiffs in this and all similar actions. I have personal knowledge of all facts set forth in this declaration, except where stated on information and belief. As to such facts, I believe them to be true.

---

Supplemental Declaration of Katheryn J. Coggon
Case No. 4:08-cv-01038-SBA
#37744 v1

1

2.      Plaintiffs are unable to notice a hearing on their *Ex Parte* Application For Leave to Take Immediate Discovery, filed on February 21, 2008 and entered as Docket No. 3, because Plaintiffs do not know the true name and identity of the Doe defendant. Nor do Plaintiffs possess other contact information, such as a telephone number, mailing address, or email address, that might allow Plaintiffs to contact Defendant. At present, Plaintiffs are only able to identify Defendant by a unique Internet Protocol ("IP") address assigned by Defendant's Internet Service Provider ("ISP") on the date and at the time of Defendant's infringing activity.

3.      Plaintiffs are also unable to provide notice to the Doe defendant by using the "peer-to-peer" ("P2P") file copying network that Plaintiffs' allege was used to infringe Plaintiffs' copyrights. P2P networks or so-called online media distribution systems, at least in their most popular form, refer to computer systems or processes that enable anonymous Internet users to: (1) make files stored on a computer available for copying by other users; (2) search for files stored on other users' computers; and (3) transfer exact copies of files from one computer to another via the Internet.

4.      However, P2P networks are not like email systems. A P2P user cannot direct a file to a particular user's attention. Rather, if a P2P user logs into the P2P network and opens his or her "share" directory to other users of the P2P network, those users would locate the share directory only if they happened to search for files the same or similar to those contained in the share directory. In other words, while a P2P network allows a particular user to distribute files to those P2P users who search for the files in the distributing user's share directory, the P2P network does not allow the distributing user to target a specific P2P user to whom files will be distributed. For example, if I loaded and shared my Eagles Greatest Hits album on a P2P network, another user would find my files only if he or she were looking for music by the Eagles or for particular sound recordings with titles the same or similar to Eagles sound recordings (*e.g.*, "Desperado"). A P2P user looking for Madonna recordings is never going to encounter my Eagles files because they will not appear in that user's search results.

5.      Thus, the P2P network cannot be used to provide notice to the John Doe defendant in this case. Even if Plaintiffs were to create a P2P account and post a notice of the hearing in the share

directory, the Doe defendant would never find that notice unless he or she were to actively search for the notice or inadvertently find the notice while searching for a file with a similar file name.

6. Moreover, even assuming the Doe defendant were able to find Plaintiffs' notice using the P2P network, the defendant would most likely have no way of knowing whether the notice applies to him or her. The unique IP address that Defendant used to connect to the Internet on the date and time that Plaintiffs detected copyright infringement is the only unique identifier of the Doe defendant currently available to Plaintiffs. Thus, any notice issued by Plaintiffs would need to refer to Defendant by that IP address. However, most P2P users are unaware of the IP addresses they are using. In addition, IP addresses are typically "dynamic," meaning they change over time. Thus, in order for the Doe defendant to determine whether an IP address contained in a notice applied to him or her, the Doe defendant would need to have been tracking the IP addresses associated with his or her previous login sessions (an exercise that most Internet users would have no reason to engage in even if they possess the technical knowledge to do so).

7. In this case, the IP address at the date and time of infringement was 169.233.18.36 2007-05-30 14:56:46 EDT. Accordingly, the Doe defendant, in reviewing the notice, would need to be aware that he or she used IP address 169.233.18.36 to connect to the internet on May 30, 2007 at 14:56:46 EDT. Again, this is assuming the Doe defendant (who would presumably be aware of no reason to do so) uses the P2P network to both search for and find Plaintiffs' notice in the first place.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of May, 2008, at Denver, Colorado.

*Katheryn J. Coggon*
Katheryn J. Coggon