Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:           matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; CAPITOL RECORDS, INC.; FONOVISA, INC.; and INTERSCOPE RECORDS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; FONOVISA, INC., a California corporation; and INTERSCOPE RECORDS, a California general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br>Defendant. | CASE NO. 4:08-CV-01038-SBA<br><br>**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Having reviewed Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery and accompanying submissions, and good cause appearing therefore, the Court orders as follows: Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery is GRANTED.

**I.     Background**

Plaintiffs have sued Defendant John Doe for copyright infringement. Plaintiffs allege that Defendant, without authorization, used a peer-to-peer online media distribution system to download Plaintiffs' copyrighted works and/or distribute the copyrighted works to the public. Plaintiffs do not know the true name of Defendant but have identified Defendant by a unique Internet Protocol ("IP") address assigned by his or her Internet Service Provider ("ISP") on the date and at the time of Defendant's infringing activity. Here, the ISP is University of California, Santa Cruz ("UC Santa Cruz"). Plaintiffs seek leave of the Court to serve immediate discovery on UC Santa Cruz to identify Defendant. Plaintiffs intend to serve a Rule 45 subpoena on UC Santa Cruz seeking Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address.

**II.     Legal Standard**

Although a Rule 26(f) conference is ordinarily a prerequisite to propounding discovery, courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where "good cause" is shown. See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

**III.     Analysis**

Here, good cause for expedited discovery outweighs any prejudice to the Doe Defendant. First, good cause exists where, as here, the complaint alleges claims of infringement. Id. at 276. Second, expedited discovery is appropriate because ISPs retain user activity logs for only a limited period before erasing data. See Declaration of Carlos Linares, ¶ 24. If that information is erased before it is disclosed, Plaintiffs will have no ability to identify the Defendant, and thus will be unable to pursue their lawsuit to protect their copyrighted works. Third, good cause exists because the discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice the Defendant. See Semitool, 208 F.R.D. at 276. Absent limited immediate discovery,

1

Plaintiffs have no way to obtain Defendant's name and contact information, which is necessary to effectuate service of process and otherwise advance the lawsuit. Postponing disclosure of this information until a Rule 26(f) conference has been held is not an option because, without disclosure of Defendant's name and contact information, there is no known defendant with whom to confer and the litigation cannot proceed to that stage. On the other hand, there is no prejudice to the Defendant because Plaintiffs merely seek information to identify the Defendant and to serve him or her, and Plaintiffs agree to use the information disclosed pursuant to their subpoena only for the purpose of protecting their rights under the copyright laws.

Because Plaintiffs do not yet know Defendant's true identity or contact information, they are unable to provide notice to Defendant of their *Ex Parte* Application For Leave to Take Immediate Discovery. See Declaration of Katheryn J. Coggon, ¶¶ 2-3. While Plaintiffs were able to obtain certain information about Defendant by accessing an online media distribution system, including an IP address and a list of files being distributed to other users of the system, the system does not include functionalities that would allow Plaintiffs to transmit notice to Defendant. See id., ¶¶ 4-7. Under such circumstances, the Court finds that the *ex parte* relief sought by Plaintiffs is reasonable and appropriate. As set forth below, Defendant shall be provided an opportunity to object to the subpoena authorized by this Order before his or her information is produced by UC Santa Cruz.

Lastly, Plaintiffs request that the Court make clear that UC Santa Cruz is authorized to respond to the subpoena pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. 1232g ("FERPA"). FERPA specifically provides that a federally funded educational institution can disclose personally identifiable information pursuant to a court order or lawfully issued subpoena with advance notice to the affected student and parents. See 20 U.S.C. § 1232g(b)(2)(B).

**IV.   Conclusion**

Because there is good cause for permitting the limited discovery sought by Plaintiffs in advance of a Rule 26(f) conference, Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery is GRANTED. Accordingly, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on University of California, Santa Cruz to obtain the identity of Defendant John Doe by serving a Rule 45 subpoena that seeks

2

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No. 4:08-cv-01038-SBA
#37762 v1

1  documents that identify Defendant John Doe, including the name, current (and permanent) address
2  and telephone number, e-mail address, and Media Access Control addresses for Defendant.  The
3  disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).
4      IT IS FURTHER ORDERED THAT counsel for Plaintiffs shall serve a copy of this Order to
5  University of California, Santa Cruz when the subpoena is served.
6      IT IS FURTHER ORDERED THAT within five (5) days of being served with the subpoena,
7  University of California, Santa Cruz shall give written notice to the subscriber whose identity is
8  requested in the subpoena.  If the John Doe defendant wishes to move to quash the subpoena, he or
9  she shall do so before the return date of the subpoena, which shall be at least 35 days from the date
10 of service.
11     IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to
12 the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights
13 under the Copyright Act.

16 Dated: _____    By: _____
17                             Honorable. Saundra Brown Armstrong
                              United States District Judge