Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email:  dawniell.zavala@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; CAPITOL RECORDS, INC.; FONOVISA, INC.; and INTERSCOPE RECORDS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; FONOVISA, INC., a California corporation; and INTERSCOPE RECORDS, a California general partnership,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DOE,<br>　　　　　　Defendant. | CASE NO. 4:08-CV-01038-SBA<br><br>**Honorable Saundra Brown Armstrong**<br><br>**SUPPLEMENTAL DECLARATION OF DAWNIELL ALISE ZAVALA IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY [Docket No. 3] AND IN RESPONSE TO ORDER FILED JULY 1, 2008 [Docket No. 16]** |

**DECLARATION OF DAWNIELL ALISE ZAVALA**

I, Dawniell Alise Zavala, declare:

1. I am an associate in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as lead national counsel for Plaintiffs in this and all similar actions. I have personal knowledge of all facts set forth in this declaration, except as where stated on information and belief. As to such facts, I believe them to be true.

2. On information and belief, an individual identifying himself as a law clerk for the Honorable Saundra Brown Armstrong left voicemail messages on May 18, and May 22, 2008 for Matthew Franklin Jaksa, an attorney at HRO. The law clerk requested that Plaintiffs submit certain supplemental materials in order to enable the Court to rule on Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery, filed on February 21, 2008 and entered as Docket No. 3. Plaintiffs were requested to: (1) submit to the Court the list of files Defendant has made available for distribution to the public, as referenced in Paragraph 19 of the Declaration of Carlos Linares, filed on February 21, 2008 and entered as Docket No. 7; (2) explain why Plaintiffs are unable to notice a hearing on their *Ex Parte* Application For Leave to Take Immediate Discovery, as by uploading a file to Defendant John Doe's computer through the "peer-to-peer" ("P2P") file sharing network that Plaintiffs allege was used to infringe Plaintiffs' copyrights; and (3) submit a proposed order in the format described in Judge Armstrong's Standing Order for Civil Cases and incorporating a discussion of the notice issue.

3. On May 21, 2008, in response to this request, Plaintiffs filed two supplemental declarations, one of Matthew Franklin Jaksa and one of Katheryn J. Coggon, both attorneys at HRO. Plaintiffs also submitted a copy of the list of files Defendant made available to the public, and a reformatted proposed order as directed by Judge Armstrong's law clerk was filed on May 29, 2008.

4. On July 1, 2008, the Court issued an order directing Plaintiffs to determine the following: (1) whether the information sought by subpoena in this matter is still available from the Internet Service Provider ("ISP") (here, UC Santa Cruz); and (2) whether the ISP would provide this information to Plaintiffs without a subpoena.

1

SUPPLEMENTAL DECLARATION OF DAWNIELL ALISE ZAVALA
Case No. 4:08-cv-01038-SBA
#38822 v1

5.   On July 7, 2008, I personally contacted UC Santa Cruz via email to determine whether it still had information available for the individual associated with the IP address 169.229.80.141 2007-06-09 06:11:44 EDT, and if so, whether UC Santa Cruz would provide this information to Plaintiffs without a subpoena.

6.   On July 10, 2008, Carole R. Rossi, Chief Campus Counsel at UC Santa Cruz, responded to my inquiries via email, stating (1) to the best of her knowledge, UC Santa Cruz still has information associated with the infringing IP address at issue, and (2) UC Santa Cruz will not provide this information without a subpoena. Attached as **Exhibit A** is a true and correct copy of the email sent to me by Ms. Rossi.

7.   As a result of this communication from Ms. Rossi, Plaintiffs will not be able to discover the identity of the individual associated with the infringing IP address 169.229.80.141 2007-06-09 06:11:44 EDT unless and until the Court grants Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery and authorizes Plaintiffs to serve a Rule 45 subpoena on Defendant's ISP.

8.   Once the subpoena is served upon the ISP, Defendant will have an opportunity to object before his or her information is released pursuant to the subpoena. Plaintiffs will serve a cover letter along with their subpoena that asks the ISP to notify the user of the pending subpoena so that the user can move to quash the subpoena or contact Plaintiffs directly to attempt to resolve the matter prior to the return date on the subpoena. In addition, a properly framed court order, such as the proposed order filed on May 29, 2008, would ensure that Defendant has the opportunity to object before the return date on the subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of July, 2008, at San Francisco, California.

Dawniell Alise Zavala

2

SUPPLEMENTAL DECLARATION OF DAWNIELL ALISE ZAVALA
Case No. 4:08-cv-01038-SBA
#38822 v1

# EXHIBIT A

**Dawniell Zavala**

Subject: FW: UCSC Doe # 3 Filed 2/21/2008 - Order from Judge Armstrong

---

**From:** Carole Rossi [mailto:crossi@ucsc.edu]
**Sent:** Thursday, July 10, 2008 6:11 PM
**To:** Dawniell Zavala; ddolezal@ucsc.edu
**Subject:** RE: UCSC Doe # 3 Filed 2/21/2008 - Order from Judge Armstrong

July 10, 2008

Dawniell Zavala
Litigation Associate
Holme Roberts & Owen LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994

Re:   Case No. C-08-1038 -- Order from Judge Armstrong

Dear Ms. Zavala:

I write in response to your below email of July 7, 2008 regarding Judge Armstrong's Order to Holme Roberts & Owen related to identifying information for IP address 169.233.18.36 2007-05-30 14:56:46 EDT.

Regarding question number one (1), to the best of my knowledge the University of California Santa Cruz still has information which may be responsive to the request. With regard to question number two (2), the University is unable to produce any identifying information without a subpoena.

If you have any further questions, please feel free to contact me via email at crossi@ucsc.edu or telephone (831) 459-3126.

Sincerely,

Carole R. Rossi
Chief Campus Counsel


**CAROLE R. ROSSI, CAMPUS COUNSEL**
**UNIVERSITY OF CALIFORNIA, SANTA CRUZ**
**200 CLARK KERR HALL**
**1156 HIGH STREET**
**SANTA CRUZ, CA  95064**
crossi@ucsc.edu
**(831) 459-3126**

7/17/2008