**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation, *et al.*, | No. C 08-1038 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 3] |
| JOHN DOE, | |
| Defendant. | |

## REQUEST BEFORE THE COURT

Before the Court is plaintiffs' Motion for Leave to Take Immediate Discovery (the "Motion") [Docket No. 3], Declaration of Carlos Linares ("Linares Decl.") [Docket No. 7], Supplemental Declaration of Matthew Franklin Jaksa ("Jaksa Decl.") [Docket No. 10], and Supplemental Declaration of Katheryn J. Coggon ("Coggon Decl.") [Docket No. 11]. Plaintiffs are media entities and copyright holders that seek leave to issue a subpoena under Federal Rule of Civil Procedure 45, prior to a conference under Federal Rule of Civil Procedure 26(f), to the University of California at Santa Cruz (UCSC), only to identify defendant. Plaintiffs do not know defendant's identity, as they only know of defendant's allegedly infringing use of peer-to-peer ("P2P") networking to make available on the Internet, without plaintiffs' permission, data files consisting of plaintiffs' copyrighted music. The Court finds this matter suitable for disposition without a hearing, and for the reasons discussed below, GRANTS the Motion with modifications.

///
///
///
///
///
///
///

## BACKGROUND

The Internet and P2P networks[1] have spawned an illegal trade in copyrighted works. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 923 (U.S. 2005). By downloading P2P software, and logging onto a P2P network, an individual may upload (distribute) or download (copy), without authorization, countless copyrighted music and video files to or from any other P2P network user worldwide. *See id.* at 920 (detailing how infringers download copyrighted works); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) (stating infringers use P2P networks to copy and distribute copyrighted works); *Universal City Studios, Inc. v. Reimerdes*, 111 F.Supp.2d 294, 331 (S.D.N.Y.), *aff'd sub nom.*, *Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001) (describing a viral system, in which the number of infringing copies made available multiplies rapidly as each user copying a file also becomes a distributor of that file). Until enjoined, Napster was a notorious online media distribution system. *Grokster*, 545 U.S. at 924. Notwithstanding the *Napster* decision, similar online media distribution systems emerged that have attempted to capitalize on the growing illegal market that Napster fostered. These include Ares, KaZaA, eDonkey, BitTorrent, DirectConnect, and Gnutella, among others. Linares Decl., ¶ 6. Despite the continued availability of such systems, there is no dispute the uploading and downloading of copyrighted works without authorization is copyright infringement. *Napster*, 239 F.3d at 1014-15; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied sub nom.*, *Deep v. Recording Indus. Ass'n of Am., Inc.*, 540 U.S. 1107 (2004), *leave to file for rehearing denied*, 543 U.S. 1180 (2005). Nonetheless, at any given moment, millions of people illegally use online media distribution systems to upload or download copyrighted material. Linares Decl., ¶ 6. In fact, more than 2.6 billion infringing music files are downloaded monthly. L. Grossman, *It's All Free!*, Time, May 5, 2003, at 60, 60.

---

[1] P2P networks, in their most popular form, refer to computer systems or processes that enable Internet users to: (1) make files, including audio recordings, stored on a computer available for copying by other users; (2) search for files stored on other users' computers; and (3) transfer exact copies of files from one computer to another via the Internet. Linares Decl. ¶ 7. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to offer to each other for distribution and copying files off of their personal computers, to provide a sophisticated search mechanism by which users can locate these files for downloading, and to provide a means of effecting downloads. *Id.*

1    The propagation of illegal digital copies over the Internet significantly harms copyright
2 owners, and has had a particularly devastating impact on the music industry. Linares Decl., ¶ 9.
3 The member companies of the Recording Industry Association of America., Inc. (RIAA) lose
4 significant revenues on an annual basis due to the millions of unauthorized downloads and uploads
5 of well-known recordings distributed on P2P networks. *Id.*

6    In this case, plaintiffs are record companies who own the copyrights in the most popular
7 sound recordings in the United States. Docket No. 4 at 1:2 (Mem. in Supp. of the Mot. ("Mem.")).
8 In their Motion, they seek leave of the Court to serve limited, immediate discovery on a third party
9 Internet Service Provider ("ISP") to determine the true identity of defendant John Doe, whom they
10 are suing for direct copyright infringement. *Id.* at 1:2-5. Without such discovery, they cannot
11 identify defendant, and thus cannot pursue their lawsuit to protect their copyrighted works from
12 repetitive, rampant infringement. *Id.* at 1:5-7.

13    Plaintiffs allege defendant, without authorization, used a P2P system to download plaintiffs'
14 copyrighted works and/or distribute them to the public. Linares Decl., ¶ 18. When using a P2P
15 system, a person typically uses a moniker or user name, and not their true name. *Id.*, ¶ 10. Although
16 plaintiffs do not know defendant's identity, they have identified defendant by a unique Internet
17 Protocol ("IP") address assigned to defendant on the date and at the time of the infringing activity.
18 *Id.* Additionally, plaintiffs have gathered evidence of the infringing activities. *Id.* ¶¶ 14-15, 19.
19 Plaintiffs have downloaded a sample of several of the sound recordings defendant illegally
20 distributed and have evidence of every file, numbering in the hundreds, that defendant illegally
21 distributed to the public. *Id.*

22    Plaintiffs have identified the ISP that provided Internet access to defendant by using a
23 publicly available database to trace the IP address for Defendant. *Id.* ¶¶ 12, 18. Here, the ISP is
24 UCSC. *Id.* ISPs own or are assigned certain blocks or ranges of IP addresses. *Id.* ¶ 16. A
25 subscriber gains access to the Internet through an ISP after setting up an account with the ISP. *Id.*
26 An ISP then assigns a particular IP address in its block or range to the subscriber when that
27 subscriber goes "online." *Id.* After reviewing the subscriber activity logs, which contain the
28 assigned IP addresses, an ISP can identify its subscribers by name. *Id.* Thus, when an ISP is given a

1 defendant's IP address and the date and time of infringement, it quickly and easily can identify the
2 name and address of a Doe defendant, i.e., the ISP's subscriber, because that information is
3 contained in the ISP's subscriber activity log files. *Id.*

4 Plaintiffs have no ability to determine a defendant's true name other than by seeking the
5 information from the ISP. *Id.* ¶¶ 10, 16. Plaintiffs' experience, however, is ISPs typically keep log
6 files of subscriber activities for only limited periods of time - which can range from as short as a few
7 days, to a few months - before erasing the data. *Id.* ¶ 24. Nonetheless, plaintiffs alert the ISP to the
8 existence of the copyright claims shortly after identifying the infringing activity and ask the ISP to
9 maintain the log files. Mot. at 2:3-5.

10 Plaintiffs now seek leave of the Court to serve limited, immediate discovery on UCSC to
11 identify defendant. Mot. at 2:6-7. Plaintiffs intend to serve a Rule 45 subpoena on UCSC seeking
12 documents, including electronically-stored information, sufficient to identify defendant's true name,
13 current and permanent addresses and telephone numbers, e-mail addresses, and Media Access
14 Control ("MAC") addresses. *Id.* at 2:7-10. If UCSC cannot link the IP address listed in the
15 subpoena to a specific individual, plaintiffs seek all documents and electronically-stored information
16 relating to the assignment of that IP address at the date and time the IP address was used to infringe
17 plaintiffs' copyrighted sound recordings. *Id.* at 2:10-13. Once plaintiffs learn defendant's
18 identifying information, plaintiffs will attempt to contact defendant and attempt to resolve the
19 dispute. *Id.* at 2:13-15. If the dispute is not resolved and it is determined it would be more
20 appropriate to litigate the copyright infringement claims in another jurisdiction, plaintiffs will
21 dismiss the present lawsuit against defendant and re-file in the appropriate jurisdiction. *Id.*
22 at 2:15-17. Without the ability to obtain defendant's identifying information, however, plaintiffs
23 may never be able to pursue their lawsuit to protect their copyrighted works from repeated
24 infringement. Lenares Decl. ¶ 24. Moreover, the infringement may be ongoing such that immediate
25 relief is necessary. Mot. at 2:20. Thus, the need for the limited, immediate discovery sought is
26 critical. *Id.* at 2:20-21.
27 ///
28 ///

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) states, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Here, no Rule 26(a)(1)(B) exception or rule applies, nor can plaintiffs obtain a stipulation from an unknown Doe defendant. Thus, they may only use expedited discovery by court order.

In fashioning discovery orders under Rule 26(d), the district courts wield broad discretion, as they do when managing any aspect of discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Laub v. U.S. Dep't. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Blackburn v. U.S.*, 100 F.3d 1426, 1436 (9th Cir. 1996); *Watts v. S.E.C.*, 482 F.3d 501, 507 (D.C. Cir. 2007); *Hussain v. Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006); *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991).

In the Ninth Circuit, courts use the "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F.Supp.2d 1160, 1179 (C.D. Cal. Mar. 28, 2008); *Noble v. Kiewit Pac. Co.*, No. C 08-00666 SI, slip copy, 2008 WL 413754, *1 (N.D. Cal. Feb. 13, 2008); *Cartwright v. Viking Industries, Inc.*, No. 207-CV-02159 FCD EFB, --- F.R.D. ----, 2008 WL 413271, *3 (E.D. Cal. Feb. 12, 2008); *Arista Records LLC v. Does 1-43*, No. 07 CV 2357 LAB POR, slip op., 2007 WL 4538697, *1 (S.D. Cal. Dec. 20, 2007); *Invitrogen Corp. v. President and Fellows of Harvard Coll.*, No. CIV07CV0878JLSPOR, 2007 WL 2915058, *2 (S.D. Cal. Oct. 4, 2007) (unreported); *Capitol Records, Inc. v. Doe*, No. CIV. 07CV1570JMPOR, 2007 WL 2429830, *1 (S.D. Cal. Aug. 24, 2007) (unreported); *Evans v. Unknown Names of Dep't of Corr. Officers*, No. C03-05420 RMW H.L., 2007 WL 30597, *2 (N.D. Cal. Jan. 3, 2007) (unreported); *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652 SBA EMC, 2006 WL 1343597, *1 (N.D. Cal. Mar. 6, 2006) (unreported); *Magellan Group Inv., LLC v. First*

*Indigenous Depository Co., LLC*, No. C 05-01994 JSW, 2005 WL 1629940, *2 (N.D. Cal. Jul 8, 2005) (unreported); *Semitool, Inc. v. Tokyo Electron Am, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001).

In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference. *Arista*, 2007 WL 4538697 at *1; *Capitol*, 2007 WL 2429830 at *1; *UMG*, 2006 WL 1343597 at *1. This is because, in considering "the administration of justice," early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation. *See id.* As for the defendant, there is no prejudice where the discovery request is narrowly tailored to only seek their identity. *Arista*, 2007 WL 4538697 at *1; *Capitol*, 2007 WL 2429830 at *1; *UMG*, 2006 WL 1343597 at *3. Thus, Courts routinely find the balance favors granting a plaintiff leave to take early discovery. *Arista*, 2007 WL 4538697 at *1; *Capitol*, 2007 WL 2429830 at *1; *UMG*, 2006 WL 1343597 at *1; *see also*[2] *Arista Records LLC v. Does 1-16*, No. 07-1641 LKK EFB (E.D. Cal. Aug. 23, 2007); *Sony BMG Music Entm't v. Does 1-16*, No. 07-cv-00581 BTM AJB (S.D. Cal. Apr. 19, 2007); *UMG Recordings, Inc. v. Does 1-2*, No. CV04-0960 RSL (W.D. Wash. May 14, 2004); *Loud Records, LLC v. Does 1-5*, No. CV 04 0134 RHW (E.D. Wash. May 10, 2004); *London-Sire Records, Inc. v. Does 1-4*, No. CV 04-1962 ABC AJWx (C.D. Cal. Apr. 2, 2004); *Interscope Records. v. Does 1-4*, No. CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004).[3]

---

[2] As there is no Westlaw or LEXIS citation available for these orders, plaintiffs attached them as Exhibit "A" to their Memorandum in Support of the Mot. *See* Mem., Ex. "A."

[3] In addition to these Ninth Circuit cases, *see also Arista Records LLC v. Does 1-19*, No. CIV.A. 07-1649 CKK, slip op., 2008 WL 1883439 (D. D.C. Apr. 28, 2008); *Fonovisa, Inc. v. Does 1-9*, No. CIV. A. 07-1515, slip op., 2008 WL 919701, *1 (W.D. Pa. Apr. 3, 2008); *Arista Records LLC v. Does 1-7*, No. 3:08CV18 CDL, slip op., 2008 WL 542709, *1 (M.D. Ga. Feb. 25, 2008); *Arista Records LLC v. Does 1-18*, No. 3:07-CV-481, slip op., 2008 WL 160777, *1 (E.D. Tenn. Jan. 15, 2008); *Zomba Recording LLC v. Does 1-24*, No. 3:07 CV 448, slip op., 2008 WL 123839, *1 (E.D. Tenn. Jan. 10, 2008); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 1 (D. D.C. 2007); *UMG Recordings, Inc. v. Does 1-24*, No. 4:07-CV-01889 CEJ, 2007 WL 4205768, *1 (E.D. Mo. Nov. 26, 2007) (unreported); *Arista Records, LLC v. Does 1-4*, No. 1:07-CV-1115, 2007 WL 4178641, *1, *3 (W.D. Mich. Nov. 20, 2007) (unreported); *Arista Records LLC*, No. CIV 07 568 R, slip op., 2007 WL 5030732, *1 (W.D. Okla. Nov. 14, 2007); *Interscope Records v. Does*

**ANALYSIS**

**I.     Good cause exists for leave to conduct expedited discovery.**

Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool, Inc.*, 208 F.R.D. at 276. In this Internet infringement case, plaintiffs plead the three elements required to show good cause for expedited discovery. First, they make a prima facie showing of infringement. To establish copyright infringement, under 17 U.S.C. § 101 *et seq.*, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, plaintiffs allege they own valid copyrights in original musical works, and provide lists showing defendant has distributed them as data files over the Internet, without their permission, some of which they copied off defendant's computer. *See* 17 U.S.C. 106(3) (a copyright owner has the exclusive right to distribute copies of a copyrighted work to the public). Thus, plaintiffs have shown the first element of good cause for expedited discovery in an Internet infringement action.

Second, plaintiffs cannot identify defendant, known only by its IP address, other than by a Rule 45 subpoena issued to UCSC, to examine its ISP logs. Although plaintiffs were able to access defendant's computer to download files, via a P2P system, this system does not allow plaintiffs to access defendant's computer to obtain identifying information other than an IP address, unless defendant has set it up to do so, which is not the case here. *See* Coggins Decl. Nor does a P2P system allow plaintiffs to upload a file onto defendant's computer, to communicate with it, or

---

*1-14*, Civ. A. No. 07-4107, slip op., 2007 WL 2900210, *1 (D. Kan. Oct. 1, 2007); *LaFace Records, LLC v. Does 1-5*, No. 2:07-CV-187, slip op., 2007 WL 2867351, *1 (W.D. Mich. Sep. 27, 2007), *motion to vacate denied by* No. 2:07-CV-187, 2008 WL 513508 (W.D. Mich. Feb. 22, 2008); *Virgin Records Am., Inc. v. Does 1-33*, No. 3:07-CV-235, slip op., 2007 WL 3145838, *1 (E.D. Tenn., Oct. 24, 2007); *Warner Bros., Records Inc. v. Does 1-4*, No. 2:07-cv-424, slip op., 2007 WL 1960602, *1 (D. Utah July 5, 2007); *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-1131, slip op., 2007 WL 1655365, *1 (D. Colo. June 5, 2007); *Arista Records LLC v. Does 1-9*, No. CIVA 07 CV 00628 EWN MEH, 2007 WL 1059049, *1, (D. Colo. Apr. 4, 2007) (unreported); *Interscope Records v. Does*, No. CIVA06CV00352WDMPAC, slip op., 2006 WL 1351876, *1 (D. Colo. Mar. 13, 2006); *New Line Prod., Inc. v. Does 1-9*, No. CIV A05CV1876 WDM PAC, 2005 WL 4163625, *1 (D. Colo. Dec. 6, 2005) (unreported); *Arista Records LLC v. Does 1-20*, No.05 CV 2144 WDM PAC, 2005 WL 3776346, *1 (D. Colo. Nov. 7, 2005) (unreported); *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

provide notice of infringement or suit.[4] *See id.* Thus, plaintiffs have shown the second element of good cause for expedited discovery in an Internet infringement action.

Third and last, plaintiffs have alleged there is a risk UCSC could destroy these logs, absent expedited discovery. Thus, plaintiffs have shown the third element of good cause for expedited discovery in an Internet infringement action.

As such, the Court finds the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to defendant. Looking first at "the administration of justice," without expedited discovery, plaintiffs absolutely cannot identify defendant, which means this matter cannot proceed forward, and plaintiffs will continue to suffer ongoing, continuous injury due to defendant's illegal activities. Looking at the prejudice to defendant, there is none, as plaintiffs' request is extremely narrow, seeking only to identify defendant's contact information in order to advise it of suit, and possibly resolve this matter without additional litigation. Further, plaintiffs and the Court have provided protective measures, as discussed below in the Conclusion section, to avoid undue prejudice to defendant and protect its privacy. Thus, because the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to defendant, the Court GRANTS plaintiffs' Motion.

**II.    The Family and Educational Right and Privacy Act of 1974**

In their Motion, plaintiffs ask the Court to advise UCSC it may comply with this Order without violating the Family and Educational Right and Privacy Act of 1974 (FERPA), Educ. Amendments of 1974, Pub. L. No. 93-380, § 513(B)(2)(I), 88 Stat 484, 571 (1974), codified as amended at 20 U.S.C. § 1232g. *See* Mem. at 7:13-22. FERPA establishes privacy guidelines for educational agencies or institutions handling education records, which if not followed may result in the loss of federal funding. *See* 20 U.S.C. § 1232g(a), (b), (e); 34 C.F.R. § 99.2; *Interscope*, 2007 WL 2900210 at *4. Under this section, UCSC is an "educational institution." *See* 20 U.S.C.

///

---

[4] As discussed above, a P2P network allows a person to search for a file on computers on a P2P network, and download those files. *See supra* note 1. It does not, however, allow a person to upload a file to another specific computer. Coggins Decl. ¶ 4.

§ 1232g(a)(3); 34 C.F.R. § 99.1(a), (c); *Warner Bros.*, 527 F.Supp.2d at 2 (discussing Georgetown University).

Under FERPA, subject to certain exclusions inapplicable here, "education records" means "records, files, documents, and other materials which--(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A); 34 C.F.R. § 99.3; *Interscope*, 2007 WL 2900210 at *4; *Warner Bros.*, 527 F.Supp.2d at 3. The term "records" means records stored in any format or medium. 34 C.F.R. § 99.3.

In addition to "education records" FERPA also recognizes that subject to certain notice requirements for parents and/or students and their right to require consent for release, educational institutions may make "directory information," publicly available. 20 U.S.C. § 1232g(a)(5); 34 C.F.R. § 99.3; *Virgin*, 2007 WL 3145838 at *2. "Directory information means information contained in an education record of a student that would not generally be considered harmful or an invasion of privacy if disclosed." 34 C.F.R. § 99.3. "Directory information" includes a student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, the most recent previous educational agency or institution attended by a student, 20 U.S.C. § 1232g(a)(5); 34 C.F.R. § 99.3, e-mail address, photograph, grade level, and enrollment status, 34 C.F.R. § 99.3.

Under FERPA, an educational agency or institution may release "personally identifiable information in education records,"[5] "in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232(b)(2), (b)(2)(B); *see Warner Bros.*, 527 F.Supp.2d at 2-3. A student's parents need

---

[5] Personally identifiable information includes, but is not limited to: (a) The student's name; (b) The name of the student's parent or other family member; (c) The address of the student or student's family; (d) A personal identifier, such as the student's social security number or student number; (e) A list of personal characteristics that would make the student's identity easily traceable; or (f) Other information that would make the student's identity easily traceable. 34 C.F.R. § 99.3.

9

1  not be notified, however, if the student is "attending an institution of postsecondary education[.]" 20
2  U.S.C. § 1232(d); 34 C.F.R. § 99.5(a); *Warner Bros.*, 527 F.Supp.2d at 3 n.1.

3  In this case, plaintiffs seek defendant's name, addresses, telephone number, e-mail address,
4  and MAC address, which is maintained by UCSC. This is personally identifiable information
5  contained in education records maintained by UCSC, and thus plaintiffs may only obtain it by
6  complying with FERPA.[6] In this regard, courts have routinely held that as long as FERPA's
7  notification provisions are complied with, FERPA does not prevent an educational institution from
8  releasing a student's personal identifiable information, in response to a Rule 45 subpoena issued by
9  a court in an Internet infringement action. *Interscope*, 2007 WL 2900210 at *4; *LaFace*, 2008 WL
10 513508 at *2-*3; *Warner Bros.*, 527 F.Supp.2d at 1; *Arista*, 2007 WL 5030732 at *1; *Virgin*, 2007
11 WL 3145838 at *2-*3. Thus, subject to the notification and other protective provisions discussed
12 below in the Conclusion section, UCSC may comply with the subpoena issued under this Order,
13 without violating FERPA.

14 **CONCLUSION**

15 ACCORDINGLY, the Court GRANTS with modifications, plaintiffs' Motion for Leave to
16 Take Immediate Discovery [Docket No. 3]. Specifically:

17 **(1)    The Subpoena**

18 (a)    Plaintiffs may immediately serve a subpoena pursuant to Federal Rule of
19 Civil Procedure 45 on UCSC to obtain the name, current and permanent addresses, telephone
20 numbers, e-mail addresses, and MAC addresses for defendant or similar information suitable to
21 identify defendant (the "Identifying Information");

---

[6] Plaintiffs do not attempt to obtain this information by claiming it is publicly available "directory information," nor could they, as they cannot connect the IP address in their possession to a specific person without connecting information, such as a MAC or other telecommunications or computer-user information, held by UCSC. Such information, detailing how a student uses the Internet, when they use it, and what they do on it, is protected under FERPA, just as their grades, course work, class schedules, library borrowing, financial information, e-mails, *et seq.*, are protected to ensure privacy and preserve the educational process. *Contra Virgin*, 2007 WL 3145838 at *3 (holding without explanation that a MAC address not an "education record" under FERPA). Nonetheless, once plaintiffs lawfully obtain information under FERPA and via subpoena, such as a student's name, they may legally use that name to obtain publicly available directory information connected to that name.

10

1         (b)      Plaintiffs must serve on UCSC a copy of this Order attached to the subpoena;

2         (c)      The subpoena may only request information identifying the user of IP address 169.233.18.36, on May 30, 2007, at 14:56:46 eastern daylight time (EDT), Compl., Ex. "A";

**(2)    Identification and Service on Student**

UCSC shall reasonably attempt to identify defendant within five days of service of the subpoena, and in that five-day period serve defendant with a copy of the subpoena and this Order.

**(3)    Majority Verification**

As a threshold matter, within five days of service of the subpoena on UCSC, it shall determine whether defendant was 18 years of age or older on May 30, 2007 at 14:56:46 EDT. If defendant was under 18 years of age at this time, UCSC shall immediately notify the student and plaintiffs of its determination. Plaintiffs shall then immediately withdraw their subpoena, and notify the Court of this fact. Plaintiffs, if they wish, may then file an ex parte motion addressing California's privacy laws governing the records of minors held by public entities. UCSC shall not comply with the withdrawn subpoena;

**(4)    Motions to Quash or Other Objections**

If UCSC does not move to quash or otherwise object to the subpoena within 20 days of service of the subpoena on it, and if defendant does not move to quash or otherwise object to the subpoena within 15 days of service of the subpoena on it, then UCSC shall serve the Identifying Information on plaintiffs within 10 days after the expiration of these 20- and 15-day periods. UCSC or defendant may move to quash or otherwise object to the subpoena, after the expiration of these 20- and 15-day periods, to the extent provided by the Federal Rules of Civil Procedure. If any motions are brought to quash or otherwise objecting to the subpoena, UCSC shall nonetheless preserve the Identifying Information pending resolution of such motion;

**(5)    Scope of Use of the Identifying Information**

Any information disclosed to plaintiffs in response to the subpoena may be used by them solely for the purpose of protecting their rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

///

///

Any such information filed with this Court shall conform to all privacy laws and practices, including Federal Rule of Civil Procedure 5.2 and Civil Local Rule 3-17.

IT IS SO ORDERED.

June 29, 2008

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge